**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY JACOB RENTERIA,<br><br>Plaintiff,<br><br>v.<br><br>ADOLFO JIMENEZ, JOHN PIERRO, GUY TURNER, and DOES 1-10,<br><br>Defendants. | Case No. 1:15-cv-01191- SMS<br><br>ORDER SCREENING COMPLAINT (PERMITTING CERTAIN CLAIMS TO PROCEED) AND FINDINGS AND RECOMMENDATIONS (RECOMMENDING DISMISSAL OF CERTAIN CLAIMS)<br><br>(Doc. 1) |

Plaintiff Jimmy Renteria, a state prisoner proceeding *pro se* and *in forma pauperis* filed a complaint under 42 U.S.C. § 1983, alleging violations of his rights under the United States Constitution. The Court has reviewed the complaint and applicable law, and for the reasons that follow, recommends dismissing the complaint in part. Plaintiff may, however, proceed on the surviving claims.

I.   BACKGROUND

Seeking declaratory and monetary relief, Plaintiff alleges Defendants used deadly force in pursuing Plaintiff, despite the fact that he was unarmed and posed no threat. Plaintiff alleges that

1

after filing a misconduct complaint against a sergeant of the Parlier Police Department ("PPD"), he "experienced several traffic stops by various unidentified peace officers employed by the PPD, though he drove within the appropriate speed limit each time." Doc. 1, pg. 4.

Notably, on August 11, 2013, PPD Officer R. Rubalcaba turned on his patrol car siren upon seeing Plaintiff in his vehicle and pursued him. Officer Rubalcaba suddenly disappeared and in his place were several PPD patrol cars driven by Defendants. Defendants "pursued [Plaintiff] and his passenger . . . into an orchard outside of Parlier," and thereafter "began firing on [*sic*] the vehicle with their firearms" as Plaintiff sat in the vehicle with both hands on the steering wheel while his passenger exited the vehicle. Both men were "unarmed and did not make any aggressive moves towards the Defendants." Doc. 1, pg. 4. Plaintiff suffered "serious gunshot wounds to his shoulder which required treatment at the hospital." Doc. 1, pg. 5.

Plaintiff claims Defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States constitution. Specifically, Plaintiff alleges:

- "Defendants used a degree of force that was unreasonable under the circumstances in violation of the Fourth Amendment prohibition against unreasonable seizure" where Plaintiff was unarmed and neither he nor his passenger threatened Defendants' safety;

- he was "subjected . . . to punishment without the benefit of a trial by jury in violation of the Sixth and Eighth Amendments;"

- he was "subjected . . . to unwarranted and unreasonable restraints on his person without due process in violation of the Fifth and Fourteenth Amendments[.]"

Doc. 1, pg. 5-6. Additionally, Plaintiff "demands a jury trial on all triable issues." Doc. 1, pg. 6.

Along with requesting a declaration that Defendants' conduct violated the United States Constitution, Plaintiff seeks compensatory damages of not less than $50,000, punitive damages, reasonable costs of suit, and any other relief the Court deems appropriate.

II.     SCREENING UNDER 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), the Court must conduct an initial review of a complaint from a

2

prisoner who "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a ); *see id.* § 1915(e)(2).  The complaint or any portion thereof is subject to dismissal if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at § 1915A(b).  But leave to amend the complaint may be granted where the deficiencies can be cured by amendment.  *Lopez v. Smith,* 203 F.3d 1122, 1127–28 (9th Cir. 2000) (en banc).

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (concluding that pro se filings should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A.  *Federal Rule of Civil Procedure 8(a)(2)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*."  Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).  And a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (quoting *Twombly*, 550 U.S. at 556).  But while factual allegations are accepted as true, legal conclusion are not.  *Id*.  In this case, Plaintiff successfully sets forth claims under the Fourth and Fourteenth Amendments.

B. *Plaintiffs' Claims*

### 1. <u>Alleged Fourth Amendment Violation</u>

The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable searches and seizures*, shall not be violated . . . but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV (emphasis added). "[A] Fourth Amendment seizure [occurs] ... when there is a governmental termination of freedom of movement through means intentionally applied." *Scott v. Harris*, 550 U.S. 372, 381 (2007). And a claim of excessive force in carrying out the seizure requires a showing that the governmental actor used force which is objectively unreasonable. *Id.*

As noted, Plaintiff alleges Defendants, acting out of retaliation against Plaintiff, pursued him and his passenger into an orchard. When Plaintiff's vehicle came to a stop, Defendants then ordered the passenger "to exit the vehicle with his hands in view." Plaintiff, in the meantime, placed "both hands on the steering wheel in full view of the Defendants." Doc. 1, pg. 4. As Plaintiff and the passenger remained compliant and unarmed, Defendants allegedly began firing at Plaintiff's vehicle. According to Plaintiff, "Defendants used a degree of force that was unreasonable under the circumstances in violation of the Fourth Amendment prohibition against unreasonable seizure as shown by . . . (a) Plaintiff was unarmed and did not pose a threat to public safety; and (b) neither he or [his passenger] made any attempt to harm or threaten the safety of the Defendants." Plaintiff has therefore sufficiently alleged a claim of excessive force under the Fourth Amendment.

### 2. <u>Allege Fifth Amendment Violation</u>

The Fifth Amendment states, in relevant part: "No person shall be . . . *deprived of life, liberty, or property, without due process of law*." U.S. Const. amend. V (emphasis added); *see*

4

*Hodel v. Virginia Surface Min. & Reclamation Ass'n, Inc.*, 452 U.S. 264, 273 fn 10 (1981) (internal quotations omitted).

> [But] the Fifth Amendment's due process clause only applies to the federal government. *See Betts v. Brady,* 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright,* 372 U.S. 335 (1963); *Castillo v. McFadden,* 399 F.3d 993, 1002 n. 5 (9th Cir.2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: '*nor shall any State* deprive any person of life, liberty, or property, without due process of law.' " (quoting U.S. CONST. amend. XIV) (emphasis in original)).

*Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Because Defendants, as alleged, are local law enforcement officials, Plaintiff's Fifth Amendment claim here is "foreclosed by the Constitution." *Id.*

### 3. Alleged Sixth Amendment Violation

The Sixth Amendment states in relevant part: "In all criminal prosecutions, the accused shall enjoy *the right to a speedy and public trial . . . .*" U.S. Const. amend. VI (emphasis added); *see Strickland v. Washington*, 466 U.S. 668, 685 (1984). Consequently, "the Sixth Amendment right to trial by jury is afforded in criminal prosecutions only and does not extend to plaintiffs in a section 1983 civil rights action." Anderson v. Del Papa, 1 F.3d 1246 (9th Cir. 1993).[1] Plaintiff's Sixth Amendment claim is therefore also foreclosed.

### 4. Alleged Eighth Amendment Violation

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *Graham v.*

---

[1] This unpublished decision is citable under Rule 32.1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

*Florida*, 560 U.S. 48, 58 (2010), *as modified* (July 6, 2010) (internal quotations omitted).  It is silent on the right to a jury trial.[2]  Plaintiff's allegation that he was "subjected . . . to punishment without the benefit of a trial by jury in violation of the . . . Eighth Amendment[]" is thus misplaced.  To the extent that Plaintiff alleges the force used was cruel and unusual punishment, that provision does not apply as there is no factual allegation that Plaintiff has been convicted of a crime.  *See Kane v. Lewis*, 931 F.2d 896 (9th Cir. 1991) ("The United States Supreme Court has held the Eighth Amendment applies only to those convicted of crimes.") (citing *Ingraham v. Wright*, 430 U.S. 651, 664 (1977)).  Consequently, Plaintiff's Eighth Amendment claim fails.

### 5.   Alleged Fourteenth Amendment Violation

"The Fourteenth Amendment prohibits any state deprivation of life, liberty, or property without due process of law." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).  It states in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without *due process of law*; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV (emphasis added); *see Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 fn 8 (1992).  A violation of due process under the Fourteenth Amendment can be substantive or procedural.  "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest."  *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).  "To obtain relief on a procedural due process claim, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Id*. at 1090 (internal quotations omitted).

Again, Plaintiff alleges Defendants pursued him out of retaliation and used unreasonable

---

[2] The Seventh Amendment provides respondents with a right to a jury trial on their § 1983 claim.  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 691 (1999).

force in capturing him.  Plaintiff alleges he was "subjected . . . to unwarranted and unreasonable restraints on his person without due process in violation of the . . . Fourteenth Amendment[] . . . ."  Construed liberally, Plaintiff alleges a deprivation of liberty, which receives substantive due process protection.  *See Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."); *see also Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) ("Substantive due process protects individuals from arbitrary deprivation of their liberty by government.") (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 845–49 (1998)).  He has therefore sufficiently alleged a prima facie claim of deprivation of liberty under the Fourteenth Amendment.

### III.    FINDINGS AND RECOMMENDATIONS[3]

While Plaintiff has sufficiently stated claims under the Fourth and Fourteenth Amendments, his remaining claims, however, fail.  For the reasons discussed under above, the Court recommends the complaint be DISMISSED, with prejudice, as to Plaintiff's claims under the Fifth, Sixth and Eighth Amendments to the United States Constitution.  Because the complaint's deficiencies cannot be cured by amendment, the Court need not grant leave to amend.  *See Lopez,* 203 F.3d at 1127–28.

### IV.    CONCLUSION

The Clerk of the Court shall send Plaintiff a copy of this Order and Findings and Recommendation.  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Local Rule 304.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  If Plaintiff has no objections, he must

---

[3] This Findings and Recommendations is submitted to United States District Judge Lawrence J. O'Neil under 28 U.S.C. § 636(b)(1) and Local Civil Rule 302 of the United States District Court for the Eastern District of California.

promptly file a document stating that he does not object and the Court will issue an order permitting service of Plaintiff's surviving claims. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-1157 (9th Cir.1991).

IT IS SO ORDERED.

Dated: __**January 12, 2016**__                       __**/s/ Sandra M. Snyder**__
                                                                     UNITED STATES MAGISTRATE JUDGE