# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY JACOB RENTERIA, | Case No. 1:15-cv-01191-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THIS CASE** |
| v. | |
| ADOLFO JIMENEZ, et al., | |
| Defendants. | |

On February 17, 2017, the undersigned filed an order to show cause (the "OSC"), which included a warning to Plaintiff that the undersigned would recommend dismissal of this matter if Plaintiff failed to file a statement by no later than March 9, 2017 showing cause as to why dismissal was not warranted. (Doc. 27.) To date, Plaintiff has not responded to the OSC. Accordingly, as discussed herein, the undersigned RECOMMENDS that the presiding district court judge DISMISS this case, in its entirety.

## I. BACKGROUND

On July 31, 2015, Plaintiff filed the Complaint, in which he alleges that Defendants infringed on Plaintiff's constitutional rights during the course of a traffic stop. (*See* Doc. 1.) On September 30, 2016, Plaintiff filed a Notice of Change of Address, in which he provided that his

"new address" is 1311 Annadale Ave., Sanger, CA 93657 (the "Current Address"). (Doc. 19.) To date, Plaintiff has not filed any additional documentation providing a different mailing address.

By its order entered on December 22, 2016, the undersigned set a scheduling conference for January 31, 2017, and directed the parties to file their joint scheduling report by no later than January 24, 2017. (Doc. 24.) Defendant filed a scheduling report on January 24, 2017. (Doc. 25.) Plaintiff did not participate in the creation of this scheduling report, (*see* Doc. 25), and failed to appear at the January 31, 2017 scheduling conference.

By its order entered on January 31, 2017, the undersigned cautioned Plaintiff that it would "enter an order to show cause as to why this matter should not be dismissed if, by no later than February 14, 2017: (1) an attorney does not notice an appearance [on behalf of Plaintiff] on the docket for this case; or (2) Plaintiff does not file notice on the docket for this case of his intent to continue litigating this action." (Doc. 26.) The Clerk mailed the January 31, 2017 order to Plaintiff at his Current Address on the same date.

As of February 17, 2017, no attorney noticed an appearance on behalf of Plaintiff and Plaintiff did not notify the Court of his intent to continue litigating this case. Consequently, the undersigned entered the OSC on February 17, 2017. (Doc. 27.) In the OSC, the undersigned ordered "that, by no later than March 9, 2017, Plaintiff shall file a statement showing cause why the [undersigned] should not recommend to the presiding district court judge that this action be dismissed." (*Id.* at 2.) The undersigned further warned "Plaintiff that, if he fails to file this statement by March 9, 2017, the [undersigned] will recommend to the presiding district court judge that this action be dismissed, in its entirety." (*Id.*) The Clerk mailed the OSC to Plaintiff at his Current Address on February 17, 2017.

To date, Plaintiff has not responded to the OSC. However, on February 28, 2017, the copy of the January 31, 2017 order that the Clerk mailed to Plaintiff at the Current Address was returned as undeliverable. Similarly, on March 7, 2017, the copy of the OSC that the Clerk mailed to Plaintiff at the Current Address was returned as undeliverable.

//

//

## II. LEGAL STANDARD

Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)). "Dismissal . . . is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Id.* (citations omitted). Nonetheless, courts have found that dismissal with prejudice is warranted where a party fails "to prosecute an action," "obey a court order," or "comply with local rules." *Tolle v. Portfolio Recovery Assocs. LLC*, Case No. 1:15-cv-01797-LJO-SKO, 2017 WL 1079786, at *1 (E.D. Cal. Mar. 21, 2017) (collecting cases).

The Ninth Circuit has stated that "[c]ourts are to weigh" the following "five factors in deciding whether to dismiss a case for failure to comply with a court order": (1) "the public's interest in expeditious resolution of litigation," (2) "the court's need to manage its docket," (3) "the risk of prejudice to the defendants," (4) "the public policy favoring disposition of cases on their merits," and (5) "the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "The appropriateness of a sanction is within the discretion of the [c]ourt." *Raygoza v. City of Fresno*, 297 F.R.D. 603, 606 (E.D. Cal. 2014).

## III. DISCUSSION

In the present matter, the pertinent factors weigh in favor of dismissing this action.[1] Turning initially to the first factor, the public's interest in expeditious resolution of litigation

---

[1] As noted above, the copies of the undersigned's January 31, 2017 order and the OSC that the Clerk mailed to Plaintiff at his Current Address were returned as undeliverable. Local Rule 183(b) provides the following pertinent guidance in this situation:

3

clearly weighs in favor of dismissal. Plaintiff has failed to demonstrate any interest in litigating this case. Indeed, this matter is currently not on a schedule because Plaintiff failed to (1) comply with the undersigned's December 22, 2016 order directing the parties to file a joint scheduling report, or (2) appear at the January 31, 2017 scheduling conference. As such, there is no indication that Plaintiff will litigate this action to achieve any form of merits-based resolution, let alone an expeditious resolution of the litigation. The first factor thus weighs in favor of dismissal. *See, e.g.*, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

Regarding the second factor, Plaintiff has hindered the Court's ability to manage its docket by failing to (1) comply with the undersigned's orders pertaining to crafting a scheduling order for this matter, or (2) respond to the undersigned's January 31, 2017 order or the OSC. This factor therefore weighs in favor of dismissal. *See, e.g.*, *Armstrong v. Spearman*, No. 1:13–cv–00246–AWI–SAB (PC), 2015 WL 5021664, at *2 (E.D. Cal. Aug. 21, 2015) ("[T]he Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, [so] the [c]ourt's interest in managing its docket weighs in favor of terminating the action."); *cf. Gonzales v. Mills*, No. 1:09–cv–1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (noting that courts in this District carry "overly congested" dockets "and stalled cases due to a lack of prosecution aggravate the situation").

As to the third factor, Defendants will suffer substantial prejudice if they are forced to continue litigating this case without the involvement of Plaintiff, as any resolution may be impossible. *Cf. In re Phenylpropanolamine*, 460 F.3d at 1227 ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the

---

> A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Here, the Clerk mailed these orders to Plaintiff at the only current address Plaintiff provided in this case and there is no indication on the docket for this matter that Plaintiff may receive these orders at any other location. Additionally, the undersigned waited the requisite sixty-three days before issuing these findings and recommendation. As such, the Court may dismiss this action without prejudice even though the undersigned's January 31, 2017 order and the OSC were returned as undeliverable. *See* E.D. Cal. Local Rule 183(b).

4

rightful decision of the case." (citations omitted)). Consequently this factor also weighs in favor of dismissal. *See, e.g.*, *id.* ("The law . . . presumes prejudice from unreasonable delay." (citations omitted)).

Turning next to the fifth factor, Plaintiff failed to respond to the OSC despite the undersigned's clear warning regarding the dispositive consequences of inaction. (*See* Doc. 27 at 2.) Plaintiff's failure to respond to the OSC is itself sufficient to satisfy this factor. *See, e.g.*, *In re Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." (citations omitted)). As such, the fifth factor similarly weighs in favor of dismissal.

Finally, the public policy favoring disposition of cases on their merits weighs against a dismissal for reasons disassociated with the merits of this action. *See, e.g.*, *In re Sucato*, 152 F.3d 929, at *1 (9th Cir. 1998) (noting the "strong public policy favoring disposition of cases on their merits"); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible." (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985))). However, the policy favoring disposition of cases on their merits is outweighed by the other four factors in favor of dismissal. *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960–61 (9th Cir. 2006) (stating that "the public policy favoring disposition of cases on their merits, . . . standing alone, is not sufficient to outweigh the other four factors" (citation omitted)); *Winters v. Jordan*, No. 2:09–cv–0522–JAM–KJN PS, 2013 WL 5780819, at *10 (E.D. Cal. Oct. 25, 2013) ("Dismissal is proper 'where at least four factors support dismissal or where at least three factors strongly support dismissal.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))). The undersigned therefore finds that dismissal of this case is warranted.

### IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the presiding district court judge DISMISS this action WITHOUT PREJUDICE.

These Findings and Recommendation shall be submitted to the United States District Court Judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

twenty-one (21) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. E.D. Cal. Local Rule 304(b). Any written objections to these Findings and Recommendation should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 11, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

6